UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHARON HORGAN, ) | No. EDCV 05-411 FFM |
| Plaintiff, ) | |
| ) | MEMORANDUM DECISION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE,[1] ) Commissioner of Social Security, ) | |
| Defendant. ) | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying her claim for a period of disability, disability insurance benefits, and Supplemental Security Income under Titles II and XVI of the Social Security Act. Plaintiff protectively filed her claim on August 6, 1998. (AR 176.) Hearings were held on June 24, 2002 and, after the Appeals Council remanded for further proceedings the ensuing unfavorable decision of the Administrative Law Judge ("ALJ"), on April 30, 2004. (AR 57-98 and 25-56.) On May 24, 2004, the ALJ issued a second decision again denying plaintiff's claims. The Appeals Council denied review of the unfavorable decision on March 10, 2005. On May 17, 2005, plaintiff commenced the instant action.

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007 and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on June 1, 2005, the parties filed a Joint Stipulation detailing each party's arguments and authorities on June 21, 2006. The Court has reviewed the administrative record ("AR"), filed by defendant on January 12, 2006, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for payment of benefits.

## DISPUTED ISSUE

Plaintiff raises a single issue in this action:

Whether the ALJ properly considered the testimony of Sharon Horgan.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

   Once a claimant produces objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of symptoms, medical findings are not required to support their alleged severity. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Further, if the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell v. Sullivan*, 947 F.2d at 343; *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986).

   Here, the medical evidence of record established that plaintiff suffered from severe impairments in the musculoskeletal system, and the ALJ expressly so found. (See AR 19 and 24). Dr. Tom Lloyd, the non-examining medical expert who appeared at the first hearing, testified that the pain plaintiff alleges she has is consistent with the stenosis shown by the medical record. (AR 85-86.) Thus, the record established that plaintiff suffered from impairments which reasonably could be expected to produce some degree of symptoms. Since the ALJ did not make an express finding of malingering and the Commissioner has failed to cite any affirmative evidence of malingering in the record, the issue before the Court is whether the reasons given by the ALJ for his adverse credibility determination satisfy the clear and convincing standard set forth above.

   The following factors may be considered in weighing the claimant's credibility: (1) her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and her conduct; (3) her daily activities; (4) her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c). "General findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must state which testimony is not credible and identify the

evidence that undermines the plaintiff's complaints. *Id.* If properly supported, the ALJ's credibility determination is entitled to "great deference." *Green v. Heckler*, 803 F.2d at 532.

The ALJ found claimant's allegations "not persuasive or credible at least to the extent that she alleges an inability to perform all work activities." Based on that finding, the ALJ did not reduce plaintiff's functional capacity below that found by a consultative examining physician and a non-examining physician. (AR 21.)

The ALJ provided the following reasons for rejecting plaintiff's subjective allegations:

> I have considered the claimant's subjective complaints in arriving at the claimant's residual functional capacity as well as those of her husband at Exhibit 15E, and while it is reasonable to expect her condition would result in a certain amount of pain and functional limitations, the degree in which the claimant alleges she is limited is not fully supported by the clinical evidence or the claimant's daily activities. I find the severity of these allegations is not commensurate with a finding of disability based on the listings and do not support any limitations that are more restrictive than what is already described herein. Therefore, I find the claimant's statements and those of her husband regarding her pain and other symptoms concerning her established impairments are not persuasive or credible at least to the extent that she alleges an inability to perform all work activities. The claimant's daily activities including household chores, driving, shopping, reflect a physically active and healthy lifestyle. All the aforementioned factors are inconsistent with an incapacitating or debilitating condition at any time since the claimant's alleged onset date. If the claimant remains able to perform ordinary household and personal tasks, then she has not carried her burden of proving that her pain prevents her from returning to her former job (see *Fair v. Bowen*). As such, I

|    |    |
|---|---|
| 1  | cannot find that the claimant's statements are sufficiently credible to |
| 2  | warrant the establishment of more restrictive limitations.  Rather, the |
| 3  | undersigned reiterates the determination that the claimant remains |
| 4  | physically capable of performing a range of sedentary work as indicated |
| 5  | above. |

(AR 23.)

The only reason specified by the ALJ, that plaintiff's activities of daily living were inconsistent with her statements regarding symptoms, fails to satisfy the clear and convincing standard. The ALJ did not correlate how plaintiff's ability to drive short distances, and perform occasional light chores around the house cast doubt on plaintiff's testimony regarding debilitating back pain.

Moreover, the ALJ failed to explain how the activities he cited evidenced an ability to perform appropriate work activities on a regular and continuing basis. *See* Social Security Ruling 98-6p (defining "regular and continuing basis" as meaning "8 hours a day, for 5 days a week"); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (requiring finding to the effect that plaintiff's ability to perform daily activities translated into the ability to perform appropriate work activities on an ongoing and daily basis to support adverse credibility determination); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."); *see also Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987); *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981).

///
///

Accordingly, the Court finds that the ALJ failed to provide the requisite clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of her symptoms and her attendant functional limitations.

ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g., Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin, supra*. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

The Ninth Circuit also has held that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *see also, e.g., Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.); *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399-1401 (9th Cir. 1988); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Smolen*, 80 F.3d at 1292; *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Under the foregoing

authorities, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony.

Here, it has been nearly ten years since plaintiff first applied for benefits, and the Commissioner already has had two "bites at the apple." Moreover, the ALJ failed to follow the proper standards in rejecting plaintiff's excess pain testimony. It appears to the Court that the ALJ would be required to award benefits if plaintiff's excess pain testimony were credited.

The Court therefore has concluded that this is a case where remand for the payment of benefits is warranted.

Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for the payment of benefits.

IT IS SO ORDERED.


DATED:  June 23, 2008                     /S/ FREDERICK F. MUMM
                                          FREDERICK F. MUMM
                                          United States Magistrate Judge